## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

VINCENT TORMENIA,

     Plaintiff,

-vs-

     Case No.

EQUIFAX INFORMATION SERVICES
LLC; EXPERIAN INFORMATION
SOLUTIONS, INC.; TRANS UNION
LLC; and PNC BANK, N.A.,

     Defendants.

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, VINCENT TORMENIA (hereinafter "Plaintiff"), by and through his undersigned counsel, for his cause of action against Defendants, EQUIFAX INFORMATION SERVICES LLC (hereinafter "Equifax"); EXPERIAN INFORMATION SOLUTIONS, INC. (hereinafter "Experian"); TRANS UNION LLC (hereinafter "Trans Union"); and PNC BANK, N.A. (hereinafter "PNC") (hereinafter collectively "Defendants"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*.

## PRELIMINARY STATEMENT

1.    This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

1

2.     Today in America there are three major consumer reporting agencies, Equifax Information Services LLC (hereinafter "Equifax"), Trans Union LLC (hereinafter "Trans Union"), and Experian Information Solutions, Inc. (hereinafter "Experian") (hereinafter collectively "CRAs").

3.     Consumer reporting agencies that create consumer reports, like the CRAs, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4.     When a consumer like Plaintiff disputes information through the agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5.     The Consumer Financial Protection Bureau has noted, "experience indicates that [Credit Reporting Agencies] lack incentives and under-invest in accuracy". Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION AND VENUE

6.      Jurisdiction for this Court is conferred by 28 U.S.C. § 1331, as this action involves violations of the FCRA.

7.      Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

8.      Venue is proper in this District as Plaintiff is a natural person and resident of Pinellas County in the State of Florida; Defendants transact business within this District; and violations described in this Complaint occurred in this District.

9.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

10.     Equifax is a corporation with its principal place of business in the State of Georgia and is authorized to do business in the State of Florida through its registered agent, Corporation Service Company, located at 1201 Hays Street, Tallahassee, Florida 32301.

11.     Equifax is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Equifax is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

12.     Equifax disburses such consumer reports to third parties under contract for monetary compensation.

13.     Experian is a corporation with its principal place of business in the State of California and is authorized to do business in the State of Florida through its registered agent, C T Corporation System, located at 1200 South Pine Island Road, Plantation, Florida 33324.

14.     Experian is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Experian is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

15.     Experian disburses such consumer reports to third parties under contract for monetary compensation.

16.     Trans Union is a corporation with its principal place of business in the State of Illinois and is authorized to do business in the State of Florida through its registered agent, Corporation Service Company, located at 1201 Hays Street, Tallahassee, Florida 32301.

17.     Trans Union is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Trans Union is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

4

18.     Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

19.     PNC is an FDIC insured national bank headquartered at 222 Delaware Avenue in Wilmington, Delaware 19801 that upon information and belief conducts business in the State of Florida.

20.     PNC is a "furnisher of information" as that term is used in 15 U.S.C § 1681s-2.

21.     PNC furnished information about Plaintiff to the CRAs that was inaccurate.

## FACTUAL ALLEGATIONS

22.     Plaintiff is alleged to owe a debt to PNC, partial account number ending in x8718, as to a credit card (hereinafter "PNC Account").

23.     In or about June 2023, Plaintiff traveled on a cruise with Royal Caribbean International aboard the Wonder of the Seas.

24.     Prior to debarkation, on or about June 10, 2023, Plaintiff paid the balance of his account, $3,000 in cash and the remaining balance of $2,806 with his PNC Account credit card.

25.     On or about July 10, 2023, Plaintiff made a payment of $2,751.88 to the PNC Account. At that time, Plaintiff reviewed his PNC Account statement and observed an unknown charge of $2,669 for Wonder of the Seas.

26.     Shortly thereafter, Plaintiff contacted PNC and disputed the unknown charge of $2,669.

27.     As part of the investigation, PNC contacted Royal Caribbean International who provided PNC and Plaintiff with the profile of another passenger, Stephen Michael G, and claimed said passenger stayed in the same cabin as Plaintiff and his wife.

28.     On or about June 12, 2024, after several disputes with PNC and Royal Caribbean International, Plaintiff received a response from PNC which stated the disputed $2,669 and another charge of $3,000 was found to be legitimate and payable on his PNC Account.

29.     Throughout the lengthy dispute, Plaintiff continued to make minimum payments to the PNC Account only to mitigate damage to his credit.

30.     Shortly thereafter, Plaintiff contacted PNC to find out what the charge of $3,000 was, and PNC stated the $3,000 correlated to the charge of $2,806 which Plaintiff already paid. However, when Plaintiff stated he already made a payment for the $2,806, PNC stated they "don't know where [the payment] went".

31.     On or about June 26, 2024, Plaintiff mailed a dispute letter to the CRAs regarding the inaccurate reporting of the PNC Account. In the letter, Plaintiff explained he did not owe the alleged debt of the PNC Account and that the charge of $2,669 did not belong to him and that he already paid the alleged debt of $3,000.

32.     Plaintiff mailed his dispute letter via USPS Certified Mail to Equifax (9589 0710 5270 2062 6642 34), Experian (9589 0710 5270 2062 6642 27), and Trans Union (9589 0710 5270 2062 6642 10).

33.     On or about July 15, 2024, Plaintiff received dispute results from Equifax which stated the PNC Account was verified and updated, but upon review, the PNC Account continued to be reported with the erroneous balance of $5,722.

34.     Equifax failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher(s).

35.     Equifax never attempted to contact Plaintiff during the alleged investigation.

36.     Upon information and belief, Equifax notified PNC of Plaintiff's dispute. However, PNC failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

37.     On or about July 16, 2024, Plaintiff received dispute results from Trans Union which stated the PNC Account was verified and updated, but upon review, the PNC Account continued to be reported with the erroneous balance of $5,722.

38.     Trans Union failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher(s).

39.     Trans Union never attempted to contact Plaintiff during the alleged investigation.

40.     Upon information and belief, Trans Union notified PNC of Plaintiff's dispute. However, PNC failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Trans Union in connection with the dispute investigation.

41.     Despite confirmation of delivery on July 1, 2024, Plaintiff did not receive dispute results from Experian. However, upon review of his updated Experian credit report, Plaintiff observed the PNC Account continued to be reported with the erroneous balance of $5,722 and a comment which stated, "this item was updated from our processing of your dispute in Jul 2024".

42.     Experian failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher(s).

43.     Experian never attempted to contact Plaintiff during the alleged investigation.

44.     Upon information and belief, Experian notified PNC of Plaintiff's dispute. However, PNC failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

45.     On or about August 7, 2024, Plaintiff obtained updated copies of his credit reports. Upon review, Plaintiff observed the PNC Account continued to be reported with the erroneous balance of $5,722.

46.     On or about August 7, 2024, Plaintiff reported the inaccurate reporting of the PNC Account to the Consumer Financial Protection Bureau ("CFPB"), File ID 240807-15501598.

47.     In the CFPB report, Plaintiff detailed the fact that the PNC Account was reporting an inaccurate balance, and he requested an investigation into the inaccurate reporting.

48.     Under 15 U.S.C. § 1681e (3) of the FCRA, credit reporting agencies, such as the CRAs, are required to review certain consumer complaints about inaccurate information that are originally sent to the CFPB.

49.     Upon information and belief, the CRAs failed to review the CFPB complaint that Plaintiff filed and continued to inaccurately report the PNC Account on his credit report.

50.     Due to the continued inaccurate reporting, on or about August 13, 2024, Plaintiff mailed a detailed dispute letter to the CRAs. In the letter, Plaintiff advised that the PNC Account was not accurate and that the debt they were claiming Plaintiff owed was not valid. To confirm his identity, Plaintiff included images of his US Passport and recent PNC bill in the letter. Further, Plaintiff provided images of the

erroneous reporting, images of his Regions Bank statement as proof of payment to PNC for the valid charge on July 10, 2023, images of the filed CFPB Complaint, and other supporting documents.

51.     Plaintiff mailed his detailed dispute letter via USPS Certified Mail to Equifax (7022 1670 0003 4664 9322), Experian (7022 1670 0003 4664 6222), and Trans Union (7022 1670 0003 4664 9315).

52.     On or about August 24, 2024, Plaintiff received a response from Equifax which stated it needed additional proof of identification despite Plaintiff having provided an image of his current US Passport and PNC statement.

53.     Despite confirmation of delivery, Plaintiff did not receive dispute results from Equifax. However, upon review of his updated Equifax credit report, Plaintiff observed the erroneous PNC Account continued to be reported with an erroneous balance of $5,601. Further, on or about September 18, 2024, Plaintiff contacted Equifax who stated the PNC Account was verified and remains the same.

54.     Equifax failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher(s).

55.     Equifax never attempted to contact Plaintiff during the alleged investigation.

56.     Upon information and belief, Equifax notified PNC of Plaintiff's dispute. However, PNC failed to conduct a reasonable investigation and merely

compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

57.    On or about August 30, 2024, Plaintiff received dispute results from Trans Union which stated the PNC Account was verified and updated. Upon review, the PNC Account continued to be reported with the inaccurate balance of $5,664.

58.    Trans Union failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher(s).

59.    Trans Union never attempted to contact Plaintiff during the alleged investigation.

60.    Upon information and belief, Trans Union notified PNC of Plaintiff's dispute. However, PNC failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Trans Union in connection with the dispute investigation.

61.    On or about September 5, 2024, Plaintiff received dispute results from Experian which stated the PNC Account was verified and updated. Upon review, the PNC Account continued to be reported with the inaccurate balance of $5,664.

62.    Experian failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher(s).

63.    Experian never attempted to contact Plaintiff during the alleged investigation.

64.    Upon information and belief, Experian notified PNC of Plaintiff's dispute. However, PNC failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

65.    On or about September 18, 2024, Plaintiff obtained updated copies of her credit reports. Upon review, the PNC Account continued to be reported with an erroneous balance of $5,601.

66.    Despite Plaintiff's best efforts to have the erroneous reporting corrected, the CRAs continue to inaccurately report the erroneous PNC Account in Plaintiff's credit file. Accordingly, Plaintiff's damages are ongoing as of the filing of this Complaint.

67.    The CRAs have not conducted an actual investigation despite Plaintiff's pleas, and upon information and belief, simply continues to parrot off the back of the furnisher(s).

68.    Plaintiff continues to suffer as of the filing of this Complaint with Defendants' reluctance to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

69.    As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

i. Monies lost by attempting to fix his credit. Plaintiff has suffered actual damages in postage paid, wasted ink and paper, and wasted time;

ii. Financial loss in the form of the minimum payments made to the PNC Account by Plaintiff to protect his credit;

iii. Loss of time attempting to cure the errors;

iv. Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life; Plaintiff is being physically affected by Defendants' actions; and

v. Apprehensiveness to apply for new credit due to the fear of rejection.

## CAUSES OF ACTION

### COUNT I
**Violation of 15 U.S.C. § 1681e(b) as to**
**Defendant, Equifax Information Services LLC (Negligent)**

70.    Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-nine (69) above as if fully stated herein.

71.    Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the

preparation of the credit report and credit files it published and maintains concerning Plaintiff.

72.   Equifax allowed for a furnisher to report inaccurate account information to Plaintiff's credit file.

73.   Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

74.   Equifax selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

75.   Equifax chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

76.   As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

77.   The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

78.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, VINCENT TORMENIA, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

<u>**COUNT II**</u>
**Violation of 15 U.S.C. § 1681e(b) as to**
**Defendant, Equifax Information Services LLC (Willful)**

79.     Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-nine (69) above as if fully stated herein.

80.     Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

81.     Equifax allowed for a furnisher to report inaccurate account information to Plaintiff's credit file.

82.     Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

15

83.     Equifax selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

84.     Equifax chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

85.     As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

86.     The conduct, action and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages, and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

87.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, VINCENT TORMENIA, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT III
## Violations of 15 U.S.C. § 1681i as to
## Defendant, Equifax Information Services LLC (Negligent)

88.     Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-nine (69) above as if fully stated herein.

89.     After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

90.     Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Equifax failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

91.     Plaintiff provided Equifax with the information it needed to confirm the pay status of the PNC tradeline was inaccurate. Equifax ignored this information and failed to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

92.     As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

93.     The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

94.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, VINCENT TORMENIA, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## <u>COUNT IV</u>
### Violations of 15 U.S.C. § 1681i as to
### Defendant, Equifax Information Services LLC (Willful)

95.     Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-nine (69) above as if fully stated herein.

96.     After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

97.     Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Equifax failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

98.     Plaintiff provided Equifax with the information it needed to confirm the pay status of the PNC tradeline was inaccurate. Equifax ignored this information and failed to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

99.     As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain

stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

100.   The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

101.   Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, VINCENT TORMENIA, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

### COUNT V
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Experian Information Solutions, Inc. (Negligent)

102.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-nine (69) above as if fully stated herein.

103.   Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the

preparation of the credit report and credit files it published and maintains concerning Plaintiff.

104.   Experian allowed for a furnisher to report inaccurate account information to Plaintiff's credit file.

105.   Upon information and belief, Experian does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

106.   Experian selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

107.   Experian chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

108.   As a result of this conduct, action, and inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

109.   The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

110.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, VINCENT TORMENIA, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT VI
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Experian Information Solutions, Inc. (Willful)

111.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-nine (69) above as if fully stated herein.

112.   Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

113.   Experian allowed for a furnisher to report inaccurate account information to Plaintiff's credit file.

22

114.   Upon information and belief, Experian does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

115.   Experian selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

116.   Experian chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

117.   As a result of this conduct, action, and inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

118.   The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

119.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, VINCENT TORMENIA, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff his

23

attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

**COUNT VII**
**Violation of 15 U.S.C. § 1681i as to**
**Defendant, Experian Information Solutions, Inc. (Negligent)**

120.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-nine (69) above as if fully stated herein.

121.   After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

122.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Experian failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

24

123.   Plaintiff provided Experian with the information it needed to confirm the pay status of the PNC tradeline was inaccurate. Experian ignored this information and failed to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

124.   As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

125.   The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

126.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, VINCENT TORMENIA, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## **COUNT VIII**
### **Violation of 15 U.S.C. § 1681i as to**
### **Defendant, Experian Information Solutions, Inc. (Willful)**

127.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-nine (69) above as if fully stated herein.

128.   After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

129.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Experian failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

130.   Plaintiff provided Experian with the information it needed to confirm the pay status of the PNC tradeline was inaccurate. Experian ignored this information and failed to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

131.   As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

132.   The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

133.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, VINCENT TORMENIA, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT IX
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Trans Union LLC (Negligent)

134.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-nine (69) above as if fully stated herein.

27

135.   Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

136.   Trans Union allowed for a furnisher to report inaccurate account information to Plaintiff's credit file.

137.   Upon information and belief, Trans Union does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

138.   Trans Union selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

139.   Trans Union chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

140.   As a result of this conduct, action, and inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

141.   The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

142.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, VINCENT TORMENIA, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

### COUNT X
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Trans Union LLC (Willful)

143.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-nine (69) above as if fully stated herein.

144.   Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

145.   Trans Union allowed for a furnisher to report inaccurate account information to Plaintiff's credit file.

29

146. Upon information and belief, Trans Union does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

147. Trans Union selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

148. Trans Union chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

149. As a result of this conduct, action, and inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

150. The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

151. Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, VINCENT TORMENIA, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC; award Plaintiff his attorney's fees and costs;

award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT XI
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Trans Union LLC (Negligent)

152.    Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-nine (69) above as if fully stated herein.

153.    After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

154.    Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Trans Union failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

155.   Plaintiff provided Trans Union with the information it needed to confirm the pay status of the PNC tradeline was inaccurate. Trans Union ignored this information and failed to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

156.   As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

157.   The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

158.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, VINCENT TORMENIA, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

**COUNT XII**
**Violation of 15 U.S.C. § 1681i as to**
**Defendant, Trans Union LLC (Willful)**

159.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-nine (69) above as if fully stated herein.

160.   After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

161.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Trans Union failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

162.   Plaintiff provided Trans Union with the information it needed to confirm the pay status of the PNC tradeline was inaccurate. Trans Union ignored this information and failed to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

163.   As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

164.   The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

165.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, VINCENT TORMENIA, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

### COUNT XIII
**Violation of 15 U.S.C. § 1681 s-2(b) as to**
**Defendant, PNC Bank, N.A. (Negligent)**

166.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-nine (69) above as if fully stated herein.

167.   PNC furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiff's potential lenders.

168.   After receiving Plaintiff's disputes, PNC violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous account status; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to the CRAs; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

169.   Plaintiff provided all the relevant information and documents necessary for PNC to have identified that the account balance was erroneous.

170.   PNC knowingly chose to follow procedures which did not review, confirm, or verify the account balance was accurate.

171.   PNC violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

172.   As a direct result of this conduct, action, and/or inaction of PNC, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

173.   The conduct, action, and inaction of PNC was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

174.   Plaintiff is entitled to recover costs and attorney's fees from PNC in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, VINCENT TORMENIA, respectfully requests that this Court award actual damages against Defendant, PNC BANK, N.A.; jointly and severally; award Plaintiff his attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

## COUNT XIV
### Violation of 15 U.S.C. § 1681 s-2(b) as to
### Defendant, PNC Bank, N.A. (Willful)

175.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-nine (69) above as if fully stated herein.

176.   PNC furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiff's potential lenders.

177.   After receiving Plaintiff's disputes, PNC violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous account status; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to the CRAs; and (iv) failing to permanently and

lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

178.  Plaintiff provided all the relevant information and documents necessary for PNC to have identified that the account balance was erroneous.

179.  PNC knowingly chose to follow procedures which did not review, confirm, or verify the account balance was accurate.

180.  PNC violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

181.  As a direct result of this conduct, action, and/or inaction of PNC, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

182.  The conduct, action, and inaction of PNC was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

183.  Plaintiff is entitled to recover costs and attorney's fees from PNC in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, VINCENT TORMENIA, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, PNC BANK, N.A.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## **JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, VINCENT TORMENIA, respectfully requests that this Court award judgment for actual, statutory, compensatory, and punitive damages against Defendants, EQUIFAX INFORMATION SERVICES LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; TRANS UNION LLC; and PNC BANK, N.A., jointly and severally; attorneys' fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

DATED this 23rd day of September 2024.

Respectfully submitted,

*/s/ Octavio Gomez*
Octavio "Tav" Gomez, Esq.

Florida Bar #: 0338620
Georgia Bar #: 617963
Pennsylvania Bar #: 325066
The Consumer Lawyers PLLC
501 E. Kennedy Blvd, Ste 610
Tampa, Florida 33602
Cell: (813) 299-8537
Facsimile: (844) 951-3933
Tav@theconsumerlawyers.com

***/s/ Frank H. Kerney, III, Esq.***
Frank H. Kerney, III, Esq.
Florida Bar No.: 88672
Tennessee Bar No.: 035859
The Consumer Lawyers PLLC
501 E. Kennedy Blvd, Ste 610
Tampa, Florida 33602
Telephone: 844.855.9000
Facsimile: 844.951.3933
Frank@TheConsumerLawyers.com
*Attorneys for Plaintiff*